UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW ALAN HEARN,<br><br>      Plaintiff,<br><br>   v.<br><br>CITY OF BAKERSFIELD, *et al*.<br><br>      Defendants. | Case No. 1:22-cv-00668-ADA-CDB<br><br>ORDER STRIKING PLAINTIFF'S FIRST AMENDED COMPLAINT<br><br>ORDER DIRECTING CLERK OF COURT TO ADJUST DOCKET TO REFLECT ADDITION OF DEFENDANTS<br><br>(Doc. 14) |

   On June 2, 2022, Defendants City of Bakersfield and individual City defendants removed this action filed in Kern County Superior Court by Plaintiff Matthew Alan Hearn ("Plaintiff").  (Doc. 1). Defendants County of Kern, T.R. Marickel, and S. Jauch filed answers to Plaintiff's complaint on August 25, 2022.  (Doc. 10).  No other Defendants answered.

   Several days later, the parties filed a stipulation requesting the Court continue the upcoming scheduling conference based on representations that, following the parties' consultations, Plaintiff was preparing to file an amended complaint.  (Doc. 11).  Although the Defendants did not expressly manifest in the stipulation their consent to Plaintiff's filing of an amended complaint, the Court inferred from the parties' joint request to continue the scheduling conference that Defendants consented to the anticipated amendment.

Plaintiff filed a first amended complaint on October 10, 2022 (Doc. 14) to which no party has answered.  On December 7, 2022, the Court noted Plaintiff's proposed first amended complaint (Doc. 14) did not include Greg Terry or T.R. Marickel as named Defendants and directed the Clerk of Court to update the docket and terminate both of those Defendants.  (Doc. 19).

On December 12, 2022, the parties represented in a stipulation to the Court that Plaintiff sought and received consent from Defendants to file a first amended complaint but had not yet filed the stipulation memorializing the consent.  (Doc. 20).  Thereafter, the Court issued an order requiring Plaintiff to file a document memorializing Defendants' consent to the first amended complaint as required pursuant to Rule 15(a)(2) no later than January 3, 2023.  (Doc. 22).  Plaintiff did not respond to the Court's order.

On January 23, 2023, the Court issued an order requiring Plaintiff to show cause why sanctions should not be imposed for Plaintiff's failure to respond to the Court's order requiring him to file a document memorializing Defendants' consent to the first amended complaint.  (Doc. 23).  Plaintiff did not respond to the Court's order.

Rule 15(a) provides for the filing of an amended complaint once as a matter of right if a responsive pleading has not been served.  Fed. R. Civ. Pro. 15(a); *Crum v. Circus Circus Enters.*, 231 F.3d 1129, 1130 n.3 (9th Cir. 2000).  When a party can no longer amend a pleading as a matter of right under Rule 15(a), the party must either petition the court for leave to amend or obtain consent from the adverse parties.  Fed. R. Civ. Pro. 15(a); *Keniston v. Roberts*, 717 F.2d 1295, 1300 (9th Cir. 1983).  An "amended complaint supersedes the original, the latter being treated thereafter as non-existent." *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997).  If an amended pleading cannot be made as of right and is filed without leave of court or consent of the opposing party, the amended pleading is a nullity and without legal effect.  *Primerica Life Ins. Co. v. Davila*, No. 1:10-CV-1924 AWI SMS, 2011 WL 643395, at *2 (E.D. Cal. Feb. 17, 2011) (citations omitted).

Here, because Defendants filed answers to Plaintiff's complaint (Doc. 10), Plaintiff was no longer permitted to amend his complaint as a matter of right.  No court order was issued or requested prior to the filing of the first amended complaint and Plaintiff has not demonstrated Defendants

consented to the amended filing. Thus, the first amended complaint was improperly filed and is of no legal effect, and the Court will strike the pleading from the record.

Accordingly, IT IS HEREBY ORDERED:

1. Plaintiff's first amended complaint (Doc. 14) is stricken;
2. The Clerk of Court is directed to reinstate Defendants Greg Terry and T.R. Marickel in this matter; and
3. The scheduling conference set for February 17, 2023, at 9:30 AM in Bakersfield, 510 19th Street before Magistrate Judge Christopher D. Baker, shall proceed as scheduled. The parties are reminded of their obligation to file a joint scheduling report at least one week prior to the conference and the report shall also be e-mailed, in Word format, to CDBorders@caed.uscourts.gov

IT IS SO ORDERED.

Dated:  **February 2, 2023**

UNITED STATES MAGISTRATE JUDGE