UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW ALAN HEARN,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF BAKERSFIELD, *et al*.<br><br>Defendants. | Case No. 1:22-cv-00668-CDB<br><br>ORDER REQUIRING PLAINTIFF TO PAY SANCTIONS OF $100 PER DAY<br><br>(Doc. 45) |

On December 14, 2021, Plaintiff Matthew Alan Hearn ("Plaintiff") initiated this action in Superior Court of the State of California, County of Kern. (Doc. 1). Defendants removed this action to this Court on June 2, 2022. *Id*.

On March 8, 2023, the Court issued a scheduling order that, among other things, set a mid-discovery status conference for September 21, 2023, and required the parties to file a joint status report no later than one week before the conference. (Doc. 42). On September 14, 2023, the date the joint status report was due, Defendants filed a status report. (Doc. 44). In that report, counsel for Defendants noted he attempted to confer with Plaintiff regarding a draft report but received no response. *Id*.

On September 15, 2023, the Court issued an order for Plaintiff to show cause in writing why sanctions should not be imposed for Plaintiff's failure to comply with the Court's order. (Doc. 45). The Court ordered Plaintiff to respond by September 18, 2023, at 9:00 AM. *Id*. Plaintiff did

1

not file a timely response.

The Federal Rules of Civil Procedure provide that the underlying purpose of the rules is to secure the just, speedy and inexpensive determination" of an action. Fed. R. Civ. P. 1. To effectuate this purpose, the rules provide for sanctions against parties that fail to comply with court orders or that unnecessarily multiply the proceedings. *See, e.g.*, Fed. R. Civ. P. 16(f); Fed. R. Civ. P. 37(b). Relevant here, Rule 16(f) authorizes the Court to issue any just order if a party or attorney fails to obey a scheduling or other pretrial order.

The Court also possesses inherent authority to impose sanctions to manage its own affairs so as to achieve the orderly and expeditious disposition of cases. *Chambers v. NASCO, Inc.,* 501 U.S. 32, 43 (1991). The Court's inherent power is that which is necessary to the exercise of all others, including to protect the due and orderly administration of justice and maintain the authority and dignity of the Court. *Roadway Exp., Inc. v. Piper*, 447 U.S. 752, 764 (1980). In order to compel a party to comply with the Court's orders, the Court may issue daily sanctions until compliance is obtained. *See Lasar v. Ford Motor Co.*, 399 F.3d 1101, 1110 (9th Cir. 2005) (discussing court's authority to impose civil sanctions "intended to be remedial by coercing the defendant to do what he had refused to do.").

Similarly, the Local Rules of the Eastern District of California provide that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." E.D. Cal. L.R. 110. Further, "[i]n the event any attorney subject to these Rules engages in conduct that may warrant discipline or other sanctions, any Judge or Magistrate Judge may initiate proceedings for contempt under 18 U.S.C. § 401 or Fed. R. Crim. P. 42, or may, after reasonable notice and opportunity to show cause to the contrary, take any other appropriate disciplinary action against the attorney." E.D. Cal. L.R. 184(a). "In addition to or in lieu of the foregoing, the Judge or Magistrate Judge may refer the matter to the disciplinary body of any Court before which the attorney has been admitted to practice." *Id*.

Here, despite the Court's direction to make a written filing explaining his deficiency in filing a mid-discovery status report, Plaintiff has failed to comply with the Court's orders. *See*

(Docs. 42, 45). Accordingly, the Court finds that monetary sanctions are appropriate to compel Plaintiff to comply with this Court's orders. Therefore, to gain Plaintiff's compliance, a $100.00 sanction shall be imposed on Plaintiff commencing on the date of this order and shall continue to be imposed each day thereafter until Plaintiff meets and confers with Defendant regarding the mid-discovery status conference and files a report that outlines the discovery that has been completed and that which needs to be completed as well as any impediments to completing discovery within the deadlines set forth in the Court's scheduling order. Plaintiff's filing of the report on the date of this order will not relieve Plaintiff of the sanction imposed commencing on this date. Further, the daily deadline shall expire at the close of business each day at 5:00 pm.

Based on the foregoing, IT IS HEREBY ORDERED, Plaintiff shall pay the Clerk of the Court $100 per day, beginning on the date of this order, until Plaintiff's mid-discovery status report is filed with this Court.

IT IS SO ORDERED.

Dated: **September 18, 2023**

UNITED STATES MAGISTRATE JUDGE