UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW ALAN HEARN,<br><br>              Plaintiff,<br><br>      v.<br><br>CITY OF BAKERSFIELD, *et al.*,<br><br>              Defendants. | Case No.  1:22-cv-00668-CDB<br><br>**PRETRIAL SCHEDULING ORDER**<br><br>**ORDER RESCHEDULING PRETRIAL CONFERENCE**<br><br>Motions in *limine*:<br>    File – September 6, 2024<br>    Respond – September 20, 2024<br>    Reply – September 27, 2024<br>    Hearing – October 15, 2024<br><br>Jury instructions, proposed verdict form:<br>    Party-submitted – October 1, 2024<br>    Conference – October 7, 2024<br>    Joint & Disputed – October 9, 2024<br>    Hearing – October 15, 2024<br><br>List of discovery documents: October 1, 2024<br>Counter designations: October 9, 2024<br><br>Pretrial Conference:  <u>September 12, 2024</u>, 10:30AM<br>Jury Trial: October 21, 2024, at 8:30AM in the Bakersfield Courthouse, 510 19th Street (CDB) |

Plaintiff Matthew Alan Hearn asserts claims pursuant to 42 U.S.C. § 1983 and state law against Defendants City of Bakersfield, County of Kern, Christian Walter Hernandez V, Nathan A. Anderberg, and Samantha Jauch, based on Defendants' alleged actions in connection with a traffic enforcement stop of Plaintiff on September 7, 2020, as alleged in the operative first amended

complaint. (Doc. 32). Following the Court's grant of partial summary judgment (Doc. 62), the Court enters this order governing the pretrial schedule.

### A. Motions In *Limine* Hearing and Briefing Schedule

Should the parties anticipate filing pretrial motions involving disputed evidentiary issues and regarding expert testimony, counsel are directed to meet and confer on anticipated motions in *limine* and to distill evidentiary issues. The Court further directs the parties to file motions in *limine* only as to important, critical matters, keeping in mind that routine evidentiary issues can be resolved easily with a conference among the Court and counsel. If the Court assesses that the parties have filed motions in *limine* without meaningful and genuine meeting and conferring, the Court may strike the motions in *limine* and not hear them.

The parties, after meaningful and genuine meet and confer efforts, shall file and serve their actually disputed motions in *limine* no later than **September 6, 2024**. Any response to motions in *limine* shall be filed no later than **September 20, 2024**. Any reply in support of a motion in *limine* shall be filed no later than **September 27, 2024**. The Court will conduct a hearing on the motions in *limine* on **October 15, 2024, at 10:30 a.m.** in the Bakersfield Courthouse, 510 19th Street (CDB), unless this Court decides to rule on the motions in *limine* on the briefs.

Moving and opposition papers must be brief, succinct, and well-organized. The parties shall consolidate their respective motions in *limine* in a single document, organized by number, and file oppositions in a single document responding to the numbered issues under the same corresponding headers. For example, if a defendant has five evidentiary issues, it would file one motion that has five headers: Motion in *limine* No. 1; Motion in *limine* No. 2, and so on; and, in response, plaintiff would file one opposition document organized in the same way.

### B. Proposed Jury Instructions and Verdict Forms

The parties shall serve their proposed jury instructions and verdict forms on one another no later than **October 1, 2024**. The parties shall conduct a conference to address their proposed jury instructions and verdict forms no later than **October 7, 2024**. At the conference, the parties shall reach agreement on jury instructions and a verdict form for use at trial. The parties, no later than **October 9, 2024,** shall jointly file and serve all agreed-on jury instructions and an agreed-on verdict form and

identify such as the agreed-on jury instructions and verdict form. The parties also shall <u>file and serve</u> by **October 9, 2024**, any proposed but disputed jury instructions and/or partial verdict form, and identify those as disputed.

All jury instructions SHALL indicate the party submitting the instruction (i.e., joint/agreed-on, Plaintiff's, or Defendants'), the number of the proposed instruction in sequence, a brief title for the instruction describing the subject matter, the text of the instruction, and the legal authority supporting the instruction.

All jury instructions and verdict forms SHALL be e-mailed as a Microsoft Word attachment to cdborders@caed.uscourts.gov. The Court will not accept a mere list of numbers of form instructions from the Ninth Circuit Model Jury Instructions, CACI, BAJI, or other instruction forms. The proposed jury instructions must be in the form and sequence that the parties desire to be given to the jury. All blanks to form instructions must be completed. Irrelevant or unnecessary portions of form instructions must be omitted.

Ninth Circuit Model Jury Instructions shall be used where the subject of the instruction is covered by a model instruction. Otherwise CACI or BAJI instructions shall be used where the subject of the instruction is covered by CACI or BAJI. All instructions shall be short, concise, understandable, neutral and accurate statements of the law. Argumentative or formula instructions will not be given and must not be submitted. Quotations from legal authorities without reference to the issues at hand are unacceptable.

The parties shall, by italics or underlining, designate any modification of instructions from statutory or case authority, or any pattern instruction, such as the Ninth Circuit Model Jury Instructions, CACI, BAJI, or any other source of pattern instructions, and must specifically state the modification made to the original form instruction and the legal authority supporting the modification.

The Court will address arguments concerning jury instructions, verdict form, and any other outstanding pretrial issues at the motion in *limine* hearing on **October 15, 2024, at 10:30 a.m.**

### C. Deposition Testimony

Deposition testimony shall be designated by page and line number, with such designation to be filed and served no later than **October 1, 2024**. Any counter-designation as to the same deposition

(also set out by page and line number) shall be filed and served no later than **October 9, 2024**. The original certified transcript of any deposition identified in a designation or counter-designation, along with any videorecording of deposition excerpts either party intends to use at trial, shall be lodged with the Courtroom Deputy no later than **October 15, 2024**.[1]

### D.  Pretrial Statements and Conference

Consistent with Local Rule 281, the parties are directed to file a joint pretrial statement not less than ten (10) days before the pretrial conference (*i.e.*, no later than **September 2, 2024**).

The Court will conduct the pretrial conference in person.

IT IS SO ORDERED.

Dated:   **June 14, 2024**                             _____
                                                                          UNITED STATES MAGISTRATE JUDGE

---

[1] Dates by which the parties shall serve, file (and, as appropriate, lodge) proposed voir dire, stipulations, trial exhibits and lists, and discovery documents will be addressed by separate order after the parties file their joint pretrial statement.

4